**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Shirley Vargas,<br><br>          Plaintiff,<br><br>     v.<br><br>Stephen Rogers, et al.,<br><br>          Defendants. | Case No. 2:19-cv-01482-GMN-BNW<br><br>**ORDER** |

Pro se plaintiff Shirley Vargas brings this lawsuit regarding a housing dispute. Plaintiff also moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Plaintiff's request to proceed *in forma pauperis*, therefore, will be granted. The court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.     ANALYSIS**

    **A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the complaint**

Plaintiff's sues Stephen Rogers, Jill Rogers, and Genesis Realty Group (Genesis). (ECF No. 1-1 at 2.) Plaintiff alleges the following: In August of 2019, Genesis served her with a 30-day "notice." (*Id.* at 8.) (From the context, it appears Plaintiff means a 30-day eviction notice.) She was served with the notice due to a "HOA Rental Restriction Violation," because the owner, Stephen Rogers, was no longer allowed to rent to tenants. (*Id.*) However, a renter at another property on the same street, also owned by Mr. Rogers and managed by Genesis, was not served with a 30-day notice. (*Id.* at 8, 9.) The other renter is not disabled but Plaintiff is. (*Id.*) When Plaintiff received her 30-day notice, she requested a reasonable accommodation but was denied the accommodation. (*Id.* at 8.) Accordingly, Plaintiff believes she has been treated "unfairly due to [her] national origin status." (*Id.*)

For this conduct, Plaintiff alleges violations of three housing statutes (24 C.F.R. §§ 100.60, 100.204, 100.65), the "International Disability Treaty," and Executive Order 13107. (*Id.* at 3.) Plaintiff appears to seek an injunction to extend the amount of time she has until she must vacate her unit. (*Id.* at 9.) She also requests that the other renter be served the same 30-day notice. (*Id.* at 10.) Plaintiff also seeks help hiring a mover, the fee for applying for new housing, a "down payment on deposit to move in," and $10,000 in punitive damages. (*Id.*)

As currently pled, Plaintiff's complaint fails to state a claim upon which relief could be granted. Plaintiff appears to be attempting to state a claim for discrimination based on her national origin status. (*See id.* at 8 ("I believe I have been treated unfairly due to my national origin status."). However, Plaintiff does not provide any facts regarding why she believes she was discriminated against based on her national origin status. She also does not specify which defendants allegedly discriminated against her based on her national origin status.

Additionally, while Plaintiff does not say that she was discriminated against because of her disability or refused a reasonable accommodation, her complaint suggests she may be attempting to bring such claims. However, Plaintiff's complaint does not make it clear whether she is attempting to bring either or both of these claims and if so, against which defendants. Plaintiff also does not provide sufficient facts for the Court to assess whether she could state a claim for disability discrimination or failure to provide a reasonable accommodation.

Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend. To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing her amended complaint may result in this action being dismissed.

First, Plaintiff is advised that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against each defendant. Specifically, she must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to her and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint

must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file her amended complaint on this Court's approved form, which the Clerk of Court will send to Plaintiff.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT FURTHER ORDERED that Plaintiff's complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaintiff a copy of the non-prisoner, pro se form complaint.

IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, she must do so by October 30, 2020. If Plaintiff chooses not to amend her complaint, this Court will recommend that her case be dismissed.

DATED: September 30, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE